[Civ. No. 4673.   First Appellate District, Division Two.—November 15, 1923.]

EDGAR T. WALLACE, Appellant, v. COLIN McINTOSH, Respondent.

[1] BROKER'S COMMISSION—SALE OF LEASES OF MINING PROPERTY—AGREEMENTS OF PARTIES — EVIDENCE — JUDGMENT.—In this action to recover a sum of money alleged to be due as commission for the sale of certain leases of mining property, the evidence having shown that plaintiff did not find a purchaser within the time specified in the original writings, wherein defendant agreed to pay him a commission, and the subsequent agreements, including the final agreement under which the property was sold to plaintiff and others, not having contained any provision for the payment of a commission to plaintiff, the judgment in favor of defendant was proper.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. J. Solinsky and Edw. R. Solinsky for Appellant.

W. C. Sharpsteen for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him in an action brought to recover the sum of $5,000, commissions alleged to be due from the defendant to the plaintiff for the sale of certain leases of mining property in the state of Oregon.

[1] The argument upon the appeal is that the evidence does not justify the judgment. An examination of the transcript on appeal discloses facts amply justifying the inference drawn by the trial court. The defendant was the owner of certain leases of mining property and on August 5, 1920, wrote to the plaintiff, stating: "In case you sell my option on Old Channel Mines for $30,000, I will pay you $5,000 commission for making sale—provided it is a cash sale—in other words, I want $25,000 cash for the lease and option." On the same date and practically at the same time defendant executed another agreement, which was prop-

erly construed by the trial court as inseparable from the first one quoted, which second agreement reads as follows: "This is to certify that I have an option and lease on what is known as the Old Channel Mines in Josephine County, Oregon—Lease to expire May 26th, 1924. Purchase price of property under my option $90,000—may be a few hundred more. I am now in possession of this property. I will take $30,000 for my option and lease—to reimburse me for my outlay on the property. You can have fifteen days in which to examine said property and close the deal if you desire to purchase the lease."

The trial court was justified, under the testimony appearing in the record, in construing, as it did, those two documents together as part of the same transaction. Such a construction limited the time in which plaintiff could earn the $5,000 commission to fifteen days. Support is lent to such a view of the actual contract between the parties by their subsequent dealings, evidence of which was presented to the trial court. Plaintiff brought a prospective purchaser to the property, but no sale was concluded during the fifteen days allowed for the same. Thereafter, on September 10, 1920, the plaintiff and defendant signed another agreement regarding the property by which, upon a consideration of $500 paid by the plaintiff, defendant granted to him an option to purchase the lease "for a period of ten days from date, with the further understanding that an additional sum of fourteen thousand five hundred dollars shall be paid to me on or before Sept. 20, 1920, and a further understanding that the sum of fifteen thousand dollars in addition to the above sum shall be paid to me on or before December 20, 1920, making a sum total of thirty thousand dollars for said lease. It is fully understood that if the payments are not made as stipulated above, then the option shall become void, and of no force and effect, and the sum of $500 above mentioned shall be forfeited. Time is the essence of this option."

The option given to the plaintiff by the above agreement was forfeited because of his failure to make the payment of $14,500 due on September 20th. Later plaintiff found another prospective purchaser, and on November 3, 1920, succeeded in obtaining from the defendant the following agreement: "I hereby make you the following proposition: If

you advance a sufficient sum, say between $3,000 and $5,000 to start operations, etc., on what is commonly known as The Old Channel Mines in Josephine County, Oregon, I will give to you an option to purchase my lease on the said property for a period to extend to Dec. 21, 1920, for the sum of $30,000 cash, out of which sum I will pay to Robert J. Pringle, the sum of $7,500 cash for the quarter interest which he is entitled to but is not on record. You are to be refunded the amount advanced by you from the first clean-up provided you do not dispose of the property. In case you do dispose of the property, you must look to the purchaser for the payment of the amount advanced by you. An acceptance of this proposition shall be considered as a contract bteween us.''

Under this agreement plaintiff and one Holman started to work upon the mine and advanced money to the defendant and on November 8, 1920, another agreement was entered into between Holman and plaintiff as purchasers and defendant, providing for a sale of the lease upon the payment of $6,500 upon the date of the signing of the agreement and installment payments thereafter. Various other details of the transaction were provided for by the writing and this agreement was fully performed by the parties. It did not provide for the payment of any commission to plaintiff and he appears therein as one of the purchasers at a price of $30,000.

From the above statement of facts it is not only evident that the judgment was justified, but it is apparent that no other judgment could have been reached. The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.